## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELA JO MOORE, individually and as Natural Mother and Next Friend of RACHEL M. MOORE, a minor,<br><br>          Plaintiffs,<br><br>VS.<br><br>DOREL JUVENILE GROUP, INC., a foreign corporation, COSCO, INC., a foreign corporation, and DUCKWALL-ALCO STORES, INC., a foreign corporation,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 03-CV-872 SAJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### OPINION AND ORDER

Comes on for determination Defendants' Motion to Review Taxation of Costs [Dkt #124] and the Court, having considered the arguments and authorities presented, finds the motion should be denied.

Following jury trial in August, 2005 in which Defendants prevailed on all issues, this Court entered Judgment in which each party was ordered to pay their respective costs. No motion to amend the judgment regarding this provision was timely filed. Defendants nevertheless filed a Bill of Costs and brief in support which the Clerk of Court routinely set for hearing. Defendants sought $15,532.62 in costs. Plaintiffs filed objection, asking the Court Clerk to deny costs on the grounds that Plaintiff Angela Moore has limited financial resources and some of the costs sought were not recoverable statutorily.

The Court noted the Court Clerk had set the matter for hearing and advised the Court Clerk that the Judgment entered resolved the cost issue. The Court Clerk did not strike the hearing but rather apparently elected to address the issue, which was not raised

by Plaintiffs in opposition to the Bill of Costs, at hearing.

Defendants did not appear at hearing. Rather than enter default judgment as to the Bill of Costs, the Court Clerk contacted Defendants and allowed them to appear by telephone and the parties presented their arguments. The Court Clerk then denied costs based upon the wording of the Judgment.

Defendants filed this motion for review based upon the assumption that the Court did not intend the Judgment to preclude recovery of their costs and urging the mandatory language of Fed.R.Civ.P. 54(d)(1) compels an award of costs in this products liability action. Defendants cite to Rule 54(d)(1), stating the rule says, in pertinent part: "costs other than attorney' fees shall be allowed as of course to the prevailing party. . .." The Court finds the omitted language is, in fact, the pertinent part in this case. The completion of the sentence reads: "unless the Court otherwise directs." This is exactly what the Court did.

Defendants urge the Court is compelled to provide its reasoning in entering the Judgment. This is generally true when the Court is reviewing an award or disallowance of costs entered by the Court Clerk on appeal . However, in this case, the Court, which had presided over the trial only days before entry of Judgment, elected to direct each party to pay its own costs. Defendants have raised no issues which merit amendment or reversal of the Judgment even if timely filed.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendants' Motion to Review Taxation of Costs [Dkt #124] is denied.

DATED THIS 15TH DAY OF NOVEMBER, 2005.

Sam A. Joyner
United States Magistrate Judge